UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THERESA SHEETS, as Personal
Representative for Estate of JOHN
WILLIAM SHEETS,

    Plaintiff,               CASE NO. 14-CV-10837
                                 HONORABLE GEORGE CARAM STEEH
    v.

U.S. BANK, NATIONAL ASSOCIATION, AS
TRUSTEE FOR C-BASS 2006-CB7 TRUST,
MORTGAGE LOAN ASSET BACKED
CERTIFICATES SERIES 2006-CB7, and
OCWEN LOAN SERVICING, L.L.C.,

    Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANTS' MOTION
TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC. #17)

This matter is before the Court on Defendants' motion to strike Plaintiff's first amended complaint. The first amended complaint was filed without leave of the Court or Defendants' written consent, and it seeks to add additional parties whose joinder would divest the Court of its diversity jurisdiction. For the reasons that follow, the Court will grant Defendants' motion to strike without prejudice to Plaintiff's ability to seek leave to amend.

BACKGROUND[1]

John Sheets owned a home in St. Clair County, Michigan, before passing away in late 2010. After his death, Plaintiff Michael Sheets, John's daughter, was appointed the personal representative of her father's estate. Subsequent to her appointment as personal

---

[1] The factual background is gleaned from Plaintiff's complaint. (Doc. 1).

-1-

representative, Plaintiff failed to make the monthly mortgage payments on her father's home. Defendants initiated foreclosure by advertisement, and, on November 1, 2012, the home was sold at a sheriff's sale.

After the sale, Plaintiff contacted Defendant Ocwen Loan Servicing, L.L.C. ("Ocwen"), and its designated agent Randall S. Miller and Associates, to inform them that she needed time to remove her father's possessions (worth in excess of $100,000.00) from the inside of the home. Ocwen informed Plaintiff that she would have until May 1, 2013 to remove her father's items and vacate the home.

Plaintiff returned to the home shortly after the sheriff's sale and she moved some of her father's belongings into a barn located on the property. However, in January of 2013, an affidavit of abandonment was filed with the St. Clair County Register of Deeds stating that, as of January 18, 2013, the property was deemed abandoned.

Plaintiff did not return to the property again until March, 2013. When Plaintiff returned to the property, her father's belongings inside the home and barn were not there anymore. Plaintiff discovered that her father's belongings were removed by a management company hired by Defendants and taken to a scrap yard. Plaintiff has recovered some of the belongings, but most of them were no longer at the scrap yard.

Plaintiff filed this lawsuit against Defendants in St. Clair County Circuit Court claiming that her father's belongings were unlawfully removed from the property after the property was improperly deemed abandoned. Defendants removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

On May 27, 2014, Defendants filed a timely answer to the complaint. (Doc. #5). Subsequently, on September 5, 2014, Plaintiff filed a first amended complaint, without

seeking leave of the Court. (Doc. #12). The amended complaint seeks to add two additional parties allegedly involved in the removal of her father's personal property: (1) Bankers Maintenance and Inspection, LLC, a Florida LLC; and (2) Joshua Hicks, a Michigan resident. In addition, the amended complaint proposes two additional claims of respondeat superior liability against Bankers Maintenance and Inspection, LLC.

Defendants filed the instant motion to strike Plaintiff's first amended complaint. Under E.D. Mich. LR 7.1(e)(2), Plaintiff's response to the motion was due on October 13, 2014; Plaintiff did not file a response.

The motion is ready for decision. The Court's analysis follows.

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure directs that, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As another court in this district has explained, "the action of striking a pleading should be used sparingly by the courts." *Spizizen v. Nat'l City Corp.*, No. 09-11713, 2010 WL 419993, at *2 (E.D. Mich. Feb. 1, 2010) (Rosen, J.) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Nevertheless, courts have liberal discretion to strike inappropriate filings. *Doe v. Cin-Lan, Inc.*, No. 08-12719, 2009 WL 1508367, at *1 (E.D. Mich. May 29, 2009) (Hluchaniuk, M.J.).

## DISCUSSION

Defendants argue that Plaintiff's amended complaint is untimely under Rule 15(a) of the Federal Rules of Civil Procedure, and that it could not have been properly filed without leave of the Court or Defendants' consent. Defendants are correct. Because Plaintiff's first amended complaint was filed more than 21 days after being served with

-3-

Defendants' answer to the complaint, Plaintiff is required to seek Defendants' written consent or the Court's leave to amend the complaint. Fed. R. Civ. P. 15(a)(2). The Court will strike Plaintiff's first amended complaint without prejudice to her right to follow the procedure outlined in the Federal Rules for amending the complaint.

Because the Court's jurisdiction is based on diversity of citizenship, and Plaintiff's first amended complaint seeks to add a non-diverse defendant, if Plaintiff files a motion to amend the complaint she should be prepared to discuss 28 U.S.C. § 1447(e). *J. Lewis Cooper Co. v. Diageo North Am., Inc.*, 370 F.Supp.2d 613, 618 (E.D. Mich. May 20, 2005) (Lawson, J.) (explaining that § 1447(e), not Rule 15(a), applies to amendments seeking to add a non-diverse defendant where the court's jurisdiction is based on diversity of citizenship).

Section 1447(e) directs:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Courts have discretion under § 1447(e) and apply five factors in determining whether to permit joinder and remand the action back to the State court: (1) the diverse defendants' interest in selecting a federal forum; (2); "the extent to which the purpose of the amendment is to defeat jurisdiction"; (3) "whether the plaintiff was dilatory in seeking the amendment"; (4) "whether the plaintiff will be injured significantly if the amendment is not allowed"; and (5) any other factors bearing on the equities. *J. Lewis Cooper Co.*, 370 F.Supp.2d at 618 (citations and internal quotation marks omitted); *see also Wells v. Certainteed Corp.*, 950 F.Supp.200, 201 (E.D. Mich. Jan. 10, 1997) (Duggan, J.).

CONCLUSION

For the reasons explained above, the Court GRANTS Defendants' motion to strike Plaintiff's first amended complaint (Doc. #17). IT IS FURTHER ORDERED that the first amended complaint (Doc. #12) is STRICKEN.

IT IS SO ORDERED.

Dated: October 29, 2014

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 29, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---